OPINION
{¶ 1} On August 16, 2006, appellant, Brenda Matthus, filed a complaint against appellee, The Huntington National Bank, claiming damages for wrongful repossession of her vehicle. On September 5, 2006, appellee filed a motion for summary judgment, claiming appellant was precluded from filing the complaint due to her participation in a class action lawsuit filed against appellee. By judgment entry filed January 3, 2007, the trial court agreed and granted summary judgment to appellee.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 3} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE IN FAVOR OF PLAINTIFF."
 I {¶ 4} Appellant claims the trial court erred in granting summary judgment to appellee under the theory of res judicata. We disagree.
 {¶ 5} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 6} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and *Page 3 
viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994),68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. WeanUnited, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472,364 N.E.2d 267, 274."
 {¶ 7} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 8} We note res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp.,73 Ohio St.3d 379, 1995-Ohio-331, syllabus.
 {¶ 9} Although appellant argues there are genuine issues of material fact regarding her loan with appellee and the subsequent wrongful repossession of her vehicle, we find the sole issue addressed by the trial court to be whether appellant's participation in the class action settlement agreement barred her present attempt to sue appellee for these issues resulting from the alleged breach of contract. Appellant claims appellee wrongfully repossessed her vehicle as she was not in default of any payments because her payments were covered by disability insurance. She was damaged by the loss of her vehicle, and the emotional distress caused by appellee's harassment, repossession and conversion. She claims the damages arose from February 16, 2000 to June 17, 2002. See, Complaint filed August 16, 2006. *Page 4 
 {¶ 10} Appellee argues appellant's claims are barred by the settlement agreement of the class action lawsuit. Appellant elected to participate in the class action settlement by not excluding herself and by negotiating the settlement check in the amount of $442.78 on November 11, 2005. See, Affidavit of Marc Hoffman filed September 5, 2006. Appellant argues the class action lawsuit involved a consumer violation claim regarding technical defects of the notification appellee sent out to customers as to the address of the auction at which their vehicles were to be sold, and is unrelated to her present claims.
 {¶ 11} In the "Notice of Pendency and Proposed Settlement of Class Action and Hearing," appellant fell within the "Definition of the Class." See, Exhibit A, attached to September 5, 2006 Motion for Summary Judgment. Included in the notice is a "Release of Claims" section which states the following in pertinent part:
 {¶ 12} "9. Under the proposed settlement, all members of the class will be bound by any judgment entered by the Court. All claims of the class members against Huntington relating to the loan on which thenotice of disposition of collateral was sent, notices of disposition of collateral, the conditions of redemption and/or reinstatement, the collection of deficiencies, and the reporting of deficiency balances will be released as and to the extend provided in the Settlement Agreement, and class members will be forever barred from seeking further relief on any of these released claims. (Emphasis added.)
 {¶ 13} "10. Upon Court approval of the settlement, a judgment shall be entered fully and finally settling this lawsuit as to all class members, except those who properly *Page 5 
and timely request exclusion from this lawsuit in the manner described in the following section."
 {¶ 14} Appellant was afforded the right to be excluded from the settlement agreement as follows:
 {¶ 15} "11. Although you have been identified as a class member in this action, you have a legal right to decide whether you want to remain in the class, or be excluded.
 {¶ 16} "a. Remaining in the Class. If you remain in the class, your interests will be represented in the class action, and you will be entitled to share in any damages or other relief awarded by the Court. For example, if the Court approves the proposed settlement described above, you will receive a proportionate refund of any deficiency balance payments made on your loan according to the settlement distribution procedure described above. If you remain in the class, you will also bebound by any final judgment entered in the action, and will not have the right to sue Huntington separately in your own action for the same claims that are raised in the class action. IF YOU WISH TO REMAIN IN THECLASS, YOU DO NOT HAVE TO DO ANYTHING IN RESPONSE TO THISNOTICE.* * *
 {¶ 17} "b. Requesting Exclusion. If you request exclusion from the class, your name will be removed from the class list, you will receive no further notifications, and you will not be entitled to share in any damages or other relief awarded by the Court. You will not be bound by any final judgment entered in the action, and would retain the right to sue Huntington separately for any claims you might have. IF YOU WISH TOBE EXCLUDED, YOU MUST FOLLOW THESE INSTRUCTIONS: *Page 6 
 {¶ 18} "The Court will exclude you from the class if you make a written request for exclusion and your written request for exclusion is postmarked on or before July 22, 2005. The request must state: `THEUNDERSIGNED DO NOT WANT TO BE PART OF THE PLAINTIFF CLASS IN THEHUNTINGTON NATIONAL BANK V. MALACKY.' The request must be signed by all persons who were obligors on the loan, with the name and address of each printed below the signature."
 {¶ 19} Appellant did not elect to be excluded by the July 22, 2005 deadline, and appellant accepted the settlement check and cashed it.
 {¶ 20} As noted earlier, appellant's claims arose between February 16, 2000 and June 17, 2002. These causes of action existed prior to the filing of the class action lawsuit in 2003, and the settlement was negotiated over three years from the alleged breach of contract, unlawful repossession, and conversion claims. The settlement agreement provided for the following:
 {¶ 21} "J. The Parties intend that all claims of all Settlement Class Members relating in any way to the indebtedness evidenced by a PersonalLoan Agreement, as defined herein, the repossession of collateral, the disposition of collateral, or the notice of disposition of collateral,or any other matter related to the indebtedness or the collateral towill be released, including claims for damages, losses and demands of any nature whatsoever (including, but not limited to, claims for compensatory damages, consequential damages, restitution, attorneys' fees, costs, punitive damages, contempt, sanctions, penalties, injunctive relief, declaratory relief, or otherwise), whether known or unknown claims, that are, could have been or might in the future be asserted by Ms. Malacky or any Settlement Class Member as defined herein, whether directly, *Page 7 
representatively or in any other capacity, against Huntington or any of its present or former officers, directors, shareholders, employees, accountants, representatives, attorneys, parent companies, subsidiaries, affiliated companies, divisions, and all successors, predecessors-in-interest, heirs, agents and assigns (the `Released Claims') shall be compromised, settled, released and discharged with prejudice." (Emphasis added.)
 {¶ 22} We find the doctrines of res judicata and claims preclusion apply sub judice. Appellant's causes of action arose prior to the filing of the class action; the settlement, the tender and negotiation of the settlement check occurred prior to the filing of the action sub judice; and her causes of action were predicated upon the repossession of her vehicle as defined by the class action.
 {¶ 23} Upon review, we find the trial court did not err in granting summary judgment to appellee.
 {¶ 24} The sole assignment of error is denied. *Page 8 
 {¶ 25} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed. By Farmer, P.J. Wise, J. and Delaney, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed. *Page 1